UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 02-4805

TRAVELL BESTES MOORE,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry Coke Morgan, Jr., District Judge.
(CR-02-51)

Submitted: April 4, 2003

Decided: April 21, 2003

Before LUTTIG and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Frank W. Dunham, Jr., Federal Public Defender, Larry W. Shelton, Supervisory Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Laura M. Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

### OPINION

PER CURIAM:

Travell Bestes Moore pled guilty to one count of possession with intent to distribute cocaine base and one count of possession of a firearm by a convicted felon. Moore challenges the district court's denial of his motion to suppress, contending that he was subject to a custodial interrogation without *Miranda* warnings and asserting that his statements and subsequent consent to search his home were both involuntary.

We review legal conclusions in a district court's suppression determination de novo and review the underlying facts under the clearly erroneous standard, giving due weight to inferences drawn from those facts by resident law enforcement officers. *United States v. Sprinkle*, 106 F.3d 613, 616-17 (4th Cir. 1997). Upon our review, we find that Moore was properly questioned by officers pursuant to a valid investigative stop under *Terry v. Ohio*, 392 U.S. 1, 30 (1968), for which *Miranda* warnings are not required. *See Berkemer v. McCarty*, 468 U.S. 420, 439-40 (1984). We further conclude, based on the totality of the circumstances, that Moore's statements to officers and his consent to search his home for the firearm were both voluntarily given. *See United States v. Rusher*, 966 F.2d 868, 877 (4th Cir. 1992).

Accordingly, we find the district court properly denied Moore's motion to suppress and affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*